# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cr-350-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **COREY KEITH MILLS,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court on Defendant's pro se Letter Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 31). Defendant, an inmate at FCI Gilmer in Glenville, West Virginia, seeks a reduction of his sentence based on the COVID-19 pandemic. In support, he maintains that he suffers from asthma. Id.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant concedes that he has not provided the Bureau with thirty days to evaluate his compassionate release request before filing his motion in this Court, and he asks this Court to waive the exhaustion requirement. The Court declines to do so, as the BOP is best positioned to determine the proper treatment of the inmate population as a whole, considering both individual considerations in light of an inmate's background and medical history and more general considerations regarding the conditions and needs at particular facilities.

In sum, because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

# ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Letter Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 31), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his remedies with the BOP.

Signed: May 28, 2020

Max O. Cogburn Jr.
United States District Judge